ALEXANDER M. GREENE, PLAINTIFF, v. LOUIS SCHAFFER, DEFENDANT.

Decided February 17, 1926.

**Negligence—Motor Vehicle Injury to Pedestrian Resulting in Compound Fracture of Leg and Its Permanent Shortening—Judgment for $15,000 Held Grossly Excessive and a Reduction to $8,000 Suggested or a New Trial will be Ordered.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Kalisch & Kalisch (Samuel Kalisch, Jr.*, on the brief).

PER CURIAM.

The liability of the defendant in this case was admitted at the trial in the Hudson Circuit, and the contest between the parties was confined to the question of damages.

The plaintiff was a bridge tender on the Hackensack bridge, in the employ of the state highway commission. The plaintiff was struck on September 22d, 1924, by defendant's automobile, by reason of which his left leg was injured—a compound fracture. He was in the hospital four months, the last two weeks he went about on crutches. He was taken to his home and started to walk about the room first, and started to go out about March or April, six or seven months after he received the injury. There is a permanent shortening of one and three-quarter inches of the leg. He earned $110 a month.

Whether the plaintiff's expectancy of life, which, according to the testimony of the actuary of the Prudential Insurance Company, is four years, or six and sixty-eight hundredths years, according to the mortality table, as is stated in the brief of plaintiff's counsel, it seems to us that even accepting six and sixty-eight hundredths years as the expectancy of the plaintiff's life, the sum of $15,000 awarded him by the jury is grossly excessive. Taking into consideration the age of the plaintiff, the character of his employment, the nature of his injury, his expectancy of life, the natural waning of one's physical forces and capacity for work in the advance of years, and that he was receiving $110 a month as gatekeeper and that such service depended upon continued capacity to perform the work, the verdict of the jury far exceeded reasonable and fair compensation to which the plaintiff was entitled for his injury and for his present and prospective loss of earnings.

If the plaintiff will consent to accept the sum of $8,000 the rule will be discharged, with costs, otherwise the rule will be made absolute, costs to abide the event.